IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CIVIL DIVISION
IN ADMIRALTY

SEA BREEZE MARITIME LLC                 CASE NO:
a Florida Limited Liability Company

       Plaintiffs,

vs.

BRAVE CARGO SHIPPING INC.
a Florida Corporation and ROLIN
DORSAINVIL, individually,

       Defendants.
_____/

**COMPLAINT IN ADMIRALTY**

1. This is a case within this Court's Admiralty and Maritime Jurisdiction and Supplemental Jurisdiction pursuant to 28 U.S.C. §1367, as hereinafter more fully appears, and is an Admiralty or Maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. This honorable Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1333, and the general maritime law for breach of a maritime contracts of carriage and Bills of Lading.

3. This Court also has supplemental jurisdiction over the Civil Theft and Florida Deceptive and Unfair Trade Practices Act claims because the events and actions fall within the same core of operative facts as the breach of Contract Claims.

4. Venue is proper in this District as the Plaintiff and defendants are located in or do business in this District, including cargo operations, operating vehicles, booking cargo and the parties

1

agreed to venue in the Southern District (See Exhibit A) and some or all of the breaches occurred in this State and District.

5.      This Court has personal jurisdiction of all defendants in that they resided or are registered to do business in this state and District, defendant Rolin Dorsainvil serves as registered agent for defendant Brave Cargo Shipping Inc. within this District, defendants purposely avail themselves to this District and state, they are located in or do business in this District including cargo operations, operating vehicles and booking cargo and they derive substantial financial benefits within Florida and the Southern District and have minimum contacts in this state.

6.      Plaintiff has performed all conditions precedent prior to filing this action.

## THE PARTIES

7.      Plaintiff Sea Breeze Maritime LLC is a Florida Limited Liability Company with a principle place of business of 3301 Emerald Pointe Dr., Suite 107B Hollywood, FL 33021 and owns and operates the M/V JESSICA, an ocean going cargo/freight vessel.

8.      Defendant Brave Cargo Shipping Inc. has an office or does business at 220 Fisherman Wharf, Fort Pierce, FL 34950 and holds itself out to be a Non Vessel Operating Common Carrier, (NVOCC) Freight Forwarder and/or an Ocean Transportation Intermediary, which procures and books cargo aboard vessels for itself and third parties.

9.      Defendant Rolin Dorsainvil upon information and belief is the President and director of Brave Cargo Shipping Inc. and a guarantor of debts owed to Plaintiff by Brave Cargo Shipping Inc.

### COUNT I BREACH OF MARITIME CONTRACT AGAINST BRAVE SHIPPING INC. AND ROLIN DORSAINVIL.

Plaintiff realleges and reaffirms paragraphs 1-9 above and further alleges:

10. This is an action for breach of a maritime contract for carriage of cargo aboard the M/V JESSICA from the port of Ft Pierce, Florida to Gonaives Haiti. See Exhibits A, B.

11. On or about August 27, 2014 Brave Cargo Shipping Inc. as Shipper, entered into and signed a Bill of Lading for a contract of carriage for Cargo aboard the M/V JESSICA. (Exhibit B)

12. The cargo consisted of 66 vehicles, 4 trailers, 2 boats and 1 container said to contain household goods.

13. In exchange for carrying the cargo to Haiti, the Shipper agreed to pay freight charges in the amount of $94,250.

14. Defendant Brave Cargo Shipping Inc. made a partial payment of $13,689 pursuant to the Bill of Lading, Exhibit B.

15. Plaintiff delivered the cargo in good condition to Gonaives Haiti and discharged cargo to secured bonded storage.

16. Defendants failed to pay the remaining freight charges due pursuant to the Contracts including the Bill of Lading prior to the voyage or prior to discharge of cargo.

17. Defendants, after breaching this agreement, entered into an Agreement for Ocean Transport Services attached as Exhibit A which was also guaranteed by defendant Rolin Dorsainvil Exhibit A (Financing Terms Paragraph 1(e))

18. In that Agreement for Ocean Transport Services, (AOTS) the Shipper was designated as

Brave Cargo Shipping Inc. and Rolin Dorsainvil.  See Exhibit A.

19. In the AOTS contract, the terms of the Bill Of Lading were modified to include adding of all fees and costs relating to the cargo to be on Shipper's account and his agent.

20. Defendants breached that contract as follows:

   a. By failing to pay the all freight due for the voyages
   b. Failing to pay the storage and stevedoring costs
   c. Failing to pay other costs and expenses
   d. Failing to pay the demurrage and delay costs accrued
   e. Failing to collect freight and other charges from cargo owners
   f. Failing to provide documentation as to owners of the cargo for processing
   g. Causing delays of distributing cargo and departure of the vessel

21. Defendant failed to pay the charges due within the 30 day deadline in the contract.

22. Plaintiff placed defendants on notice of the Breach on September 23, 2014 and October 5 2014. See Exhibit C and D.

23. Each of these actions or inactions constitute a material breach of the Bill of Lading and AOTS contract.

24. As a result of these breaches, Plaintiff has been damaged and continues to be damaged, including but not limited to; loss of freight, demurrage, expenses of keeping cargo, stevedore expenses, agency fees and other incidental and consequential damages.

25. Plaintiffs have also had to hire counsel to prosecute the collection of overdue funds and are liable for those damages.

26. The contracts provide for recovery of all costs and fees for enforcing the contract which includes attorney's fees and costs.

WHEREFORE plaintiff prays for judgment against defendant Brave Cargo Shipping Inc. and Defendant Rolin Dorsainvil, jointly and severally, for Breach of Contract for all damages so provable and for attorney's fees and costs for bringing this action and for all available relief that is proper and just.

### COUNT II BREACH OF CONTRACT VS BRAVE CARGO SHIPPING INC.

Plaintiff realleges and reaffirms paragraphs 1-9 above and further alleges:

27.     This is an action for breach of a maritime contract for carriage of cargo by Cargo Owner, Seabreeze Maritime LLC. with Brave Cargo Shipping Inc. for transit from the Port of Ft Pierce Florida, to Gonaives Haiti. See Exhibit E.

28.     On or about June 1, 2013 Brave Cargo Shipping Issued a Bill of Lading with Brave Cargo Shipping Inc. as Shipper, for a contract of carriage for cargo to be placed aboard the Barge FLAG 4000 which was to be towed by the Tug Billy G.

29.     The cargo consisted of urgently needed equipment for the M/V JESSICA including SOLAS safety items, and other gear required for the vessel to sail.

30.     Upon information and belief, Defendant Brave Cargo Shipping was acting as an Ocean Transportation Intermediary and issued the bill of lading for the contract of carriage.

31.     Defendant Brave Cargo Shipping received consideration from Plaintiff for the voyage.

32.     Defendant Brave Cargo Shipping breached the bill of lading as follows:

        a. Failing to deliver the cargo to Gonaives Haiti;
        b. failing to post security to release cargo when detained;
        c. failing to insure the cargo;
        d. failing to care for cargo when detained, allowing pilferage and theft to occur;

      e. Failing to load the cargo aboard the FLAG 4000 which was released from detention;
      f. Loaded the cargo or allowed it to be loaded on the Tug Billy G and not the Flag Barge 4000;
      g. Placing the cargo on an unseaworthy vessel-Tug Billy G;
      h. Failing to pay to replace the cargo lost;
      i. Failing to provide a bond as is required of an Ocean Transportation Intermediary which is required by the Federal Maritime Commission;

33. Each of these actions or inactions constitute a material breach of the Bill of Lading and breach of contract of carriage.

34. As a result of these breaches, Plaintiff has been damaged and continues to be damaged, including but not limited to; loss of the cargo and replacement and shipping costs, delay damages to the vessel, loss of charter hire loss of profit, demurrage, expenses of keeping vessel in port, agency fees and other incidental and consequential damages.

WHEREFORE, Plaintiff prays for judgment against defendant Brave Cargo Shipping Inc. for Breach of Contract arising from Bill of Lading dated June 1, 2013 for all damages so provable and for all available relief that is proper and just.

## COUNT III CIVIL THEFT VS. ALL DEFENDANTS

Plaintiff realleges and reaffirms paragraphs 1-34 above and further alleges:

35. This is an action for Civil Theft pursuant to Florida Statute 772.11, civil remedy for theft or exploitation.

36. This Court has jurisdiction over this claim pursuant to its Supplemental Jurisdiction 28 U.S.C. § 1367 because the Civil Theft arises out of the same core of operative facts as the underlying dispute.

37. Defendants procured services from Plaintiff including use of the M/V JESSICA to book cargo and collect freights from third parties and obtain cargo services for defendants.

6

38. Defendant procured funds and consideration for booking Plaintiff's cargo on the Barge Flag 4000 and never delivered the cargo and therefore converting the cargo for itself or its agents.

39. Defendants utilized the vessel JESSICA and failed to pay for those services.

40. Upon information and belief, defendants booked cargo space aboard the plaintiff's vessel with the intent to deprive plaintiff and the vessel of their freights and moneys due.

41. Defendant has been unjustly enriched by its Civil Theft.

42. Plaintiffs have demanded the funds be paid but Defendants refuse to pay.

43. Notice pursuant to the statute was served on defendants.

44. Plaintiff has been damaged as a result of the Civil Theft.

45. Plaintiff demands Treble Damages for the Civil Theft pursuant to Fla Stat § 772.11 plus attorneys fees and costs for this action.

WHEREFORE Plaintiff prays for judgment against defendant Brave Cargo Shipping Inc. and Defendant Rolin Dorsainvil, jointly and severally, for Civil Theft including a multiplier of treble damages and attorneys' fees and costs for bringing this action and for all available relief that is proper and just.

**COUNT IV. DECEPTIVE AND UNFAIR TRADE PRACTICES VS. ALL DEFENDANTS**

Plaintiff realleges and reaffirms paragraphs 1-9 above and further alleges:

46. This is an action for damages pursuant to Florida's Deceptive and Unfair Trade Practices Act., Fla Stat § 501.201 *et seq.*

47. This Court has jurisdiction over this claim pursuant to its Supplemental Jurisdiction 28 U.S.C. § 1367 because the deceptive and unfair trade practices arise out of the same core of operative facts as the underlying dispute.

48. Plaintiff was a consumer of goods and services to be provided by defendants including, cargo booking services, services of an OTI and NVOCC, Shipper and port services.

49. Defendant Brave Cargo Shipping Inc. holds itself out to the general public as an Ocean Transportation Intermediary offering cargo shipping services, logistics services, and freight services to and from the United States.

50. During the process of performing services for Sea Breeze Maritime LLC, defendants engaged in deceptive and unfair trade practices, acted in bad faith and caused harm and damages to plaintiff.

51. These deceptive and unfair trade practices include but are not limited to:

   a. Misrepresenting defendants' expertise, level of skill, and ability to book and pay for cargo and freight and collect from consignees.

   b. Misrepresent financial ability to procure and book cargo, and the ability to transport cargo to Haiti.

   c. Misrepresentations as to its level of service, work product and customer service.

   d. Misrepresentation as to Brave Cargo Shipping's status as an Ocean Transportation Intermediary and failing to have the license, bonds and insurance in place on the cargo shipments made.

   e. Fraud in the inducement: Defendants fraudulently induced Plaintiff in continuing a voyage to Haiti and failing to pay freight upon arrival in Haiti for the M/V JESSICA's cargo.

   f. Conversion of funds and services from Plaintiff.

   g. Unreasonable delays and cost overruns for loading and discharging cargo

    h. Failure to procure documents for release of cargo and payment of freight

    i. Acting in bad faith in failing to disclose material facts as to loading of cargo on the Flag 4000, failing to protect the interest of the Cargo placed on the Billy G Tug.

    j. Failing to provide insurance and bond information as requested.

    k. Allegedly issuing Bills of Lading without any license from the Federal Maritime Commission.

    l. Failing to maintain proper bonds and insurance.

    m. Committing civil theft of services

52. Defendants and their employees and agents utilized these deceptive trade practices to obtain funds, to receive money for services and to profit by its deception.

53. Each of these acts constitutes a violation of Florida Deceptive and Unfair Trade Practices Act.

54. Defendants had a duty not to operate its business in an unfair and deceptive way or engage in unfair and deceptive trade practices pursuant to the Florida Deceptive and Unfair Trade Practices Act Fla. Stat. sections 501.201 through 501.213.

55. As a result of the deceptive trade practices of Defendants, Plaintiff has been damaged in excess of $75,000 as can nearly be determined.

56. Plaintiff has had to retain undersigned counsel and pay them a reasonable fee for prosecuting this action.

57. Plaintiff has incurred legal costs including in this action and will continue to incur legal costs and fees in this action in the future.

58. Pursuant to Florida Deceptive and Unfair Trade Practices Act, Plaintiff is entitled to

recover its damages and costs and reasonable attorneys' fees for prosecuting this action.

WHEREFORE, Plaintiff, having demonstrated defendants Brave Cargo Shipping Inc. and Rolin Dorsainvil have violated Florida's Deceptive and Unfair Trade Practices Act, and hereby demand judgment against defendant Brave Cargo Shipping Inc. and Defendant Rolin Dorsainvil, jointly and severally, for damages and attorneys' fees and costs for bringing this action and for all available relief that is proper and just.

Respectfully submitted this 22st day of April, 2015

s/ Matthew J. Valcourt
Matthew J. Valcourt
Fla. Bar No. 0088791
Valcourt and Associates LLC
850 N.E. Third Street
Suite 208
Dania, FL 33004
Telephone: (305) 763-2891
Facsimile: (786) 542-5040
Email: mvalcourt@valcourtlaw.com
Attorneys for Plaintiff Sea Breeze Maritime LLC.